FILED
 2006 Jun-16 AM 10:29
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARGARET RENAE WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-05-S-593-M |
| ) | |
| AIT, LLC d/b/a ARAB ) | |
| INTERIOR TRIM; and HFI, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on defendants' motion for summary judgment (doc. no. 10). Most of the relevant facts are not in dispute, and most of the grounds for summary judgment have been conceded by plaintiff.[1] Thus, this memorandum opinion will focus upon the sole issue remaining: whether defendants are entitled to summary judgment on plaintiff's retaliation claim based on her termination after complaining to her direct supervisor about the inappropriate conduct of a co-worker, Harold Ashmore.

### PART ONE

*Summary of Relevant Facts*

---

[1] *See* doc. no. 12 at 22 (conceding retaliation claims for failure to promote and award raises based on plaintiff's prior complaints concerning Victor Gonzalez), and *id*. at 29 (conceding claims for negligent and/or wanton retention, supervision and training).

In July of 2004, plaintiff complained to her supervisor, Jason Garmany, about a co-worker, Harold Ashmore, who plaintiff believed was staring at her "rear end."[2] After plaintiff complained to Garmany about Ashmore, the behavior stopped "for a couple of times" until the day before plaintiff went on vacation, when plaintiff reported to Garmany that Ashmore had stared at her again.[3] Garmany reported this to Human Resources Manager Jennifer Parker, who in turn brought the complaint to the attention of General Manager Nick Williams.[4]

Williams investigated further and discovered that Ashmore acted inappropriately toward both male and female co-workers.[5] As a result of the investigation, Williams disciplined Ashmore for his inappropriate conduct.[6] Ashmore resigned within one week of receiving this discipline.[7] When plaintiff returned from her vacation, she learned that Ashmore had resigned.[8]

Defendant eliminated the second-shift line-lead position held by plaintiff in August of 2004.[9] When plaintiff applied for unemployment compensation, she

---

[2] Webb Dep. at 90-93.
[3] Webb Dep. at 93.
[4] *See* Williams Dep. at 41-42.
[5] *See id*. at 42-43.
[6] *See id*. at 54-55.
[7] *See id*. at 55.
[8] *See* Webb Dep. at 95.
[9] *See* Williams Dep. at 124-27.

attested that the reason for her termination was that her job had been eliminated.[10] In all subsequent inquiries, plaintiff admitted that AIT eliminated her job.[11]

## PART TWO

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law

---

[10]*See* Webb Dep. at 33.

[11]*See* Webb Dep. at 151-52.

dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

### PART THREE

*Analysis of Plaintiff's Retaliation Claim*

The *McDonnell Douglas* burden shifting analysis applies to retaliatory discharge claims, as well as Title VII disparate treatment allegations. *See Hurlbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). Generally speaking, a plaintiff must prove three elements to establish a *prima facie* case of retaliation: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal linkage between the protected conduct and the adverse employment action. *See, e.g., Bass v. Board of County Commissioners*, 256 F.3d 1095, 1117 (11th Cir. 2001); *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 507 (11th Cir. 2000). "If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to articulate a legitimate reason for the adverse action." *Hurlbert*, 439 F.3d at 1297. If the defendant does so, the plaintiff must then show that the defendant's proffered

reason for the adverse action is a pretext for retaliation. *See id*.

Defendants move for summary judgment arguing that plaintiff cannot establish the third element of a *prima facie* case— that of a causal link between the complaint regarding Harold Ashmore and plaintiff's termination. The demonstration of a casual linkage at the summary judgment stage is far less onerous than proving causation by a preponderance of the evidence at trial. At the summary judgment stage, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Meeks v. Computer Associates International*, 15 F.3d 1013, 1021 (11th Cir. 1994) (quoting *EEOC v. Reichhold Chemical, Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993)). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took the adverse employment action." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). *Accord Raney v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997) ("[A] plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action."). *See also*, *e.g.*, *Gupta v. Florida Board of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) ("[A] plaintiff must show that 'the decisionmakers were aware of the protected conduct,' and 'that the protected activity and the adverse action were not wholly unrelated.'") (quoting *Farley v.*

*Nationwide Mut. Ins.*, 197 F.3d 1322, 1337 (11th Cir. 1999)).  The extremely close temporal proximity between plaintiff's complaint of harassment and her termination lead this court to conclude that plaintiff has adequately established a *prima facie* case retaliatory discharge.

Defendants assert as their legitimate, non-retaliatory reason for plaintiff's discharge that the second-shift line-lead position was eliminated.  Defendants even point out that plaintiff was aware that her line-lead position was going to be terminated *prior to* her complaining about Ashmore's conduct.[12]

To show pretext, plaintiff counters that other positions were available even after the first and second shift lines were consolidated, and her line-lead position was eliminated.  Plaintiff points to Williams's deposition testimony, indicating other reasons for her termination besides mere elimination of the line-lead position. Williams explained why he would not consider moving plaintiff to another line position:

> . . . And the reason that I refused to do that was basically, again, given her conduct, given her harassment of other employees, given her attendance practice, given her verbal abuse of other employees, we decided that she was not the type of employee that we felt would be a contributing asset to our team at AIT.[13]

Plaintiff points to these differing explanations as evidence of pretext.

---

[12]*See* doc. no. 15 (Defendant's Reply Brief); Webb Dep. at 72-75.

[13]Williams Dep. at 126-27.

This case presents a recurring theme in many termination cases. Plaintiff infers a retaliatory motive by pointing to the fact that only one reason was given to her when she was terminated, but other reasons were revealed once she pursued litigation. Plaintiff attempts to argue that failing to reveal the full and complete list of reasons for termination is evidence of pretext. But this fact cannot be implied or inferred. Employers may have legitimate reasons for disclosing only one reason for terminating an employee (even though other reasons exist), such as allowing the employee to move on and pursue unemployment compensation, or to find another job. Only when required to defend a lawsuit will some employers reveal additional, more negative reasons for termination. Here, the sole stated reason on plaintiff's Separation Notice was "Position Being Eliminated."[14] After plaintiff filed a Charge of Discrimination and the EEOC conducted its investigation, the EEOC concluded that the evidence failed to support plaintiff's allegations. With respect to plaintiff's retaliation claim, the EEOC explained its findings and defendants' response to the charge as follows:

> Respondent asserts Charging Party's position as a second shift line leader was eliminated which was the reason for her termination on August 4, 2004. Respondent goes on to assert that Charging Party was not eligible to work in another position in the company because she had a poor attitude.
>
> Evidence shows Charging Party was mentally and verbally abusive

---

[14]Doc. no. 12, Exhibit K (Plaintiff's Response in Opposition to Summary Judgment).

towards other employees and harassed them on a consistent basis.[15]

In the summary judgment proceedings before this court, defendants likewise assert both job position elimination and inappropriate behavior as reasons for plaintiff's termination, and for defendants' unwillingness to continue her employment in another position, respectively.

The Eleventh Circuit has instructed district courts to "take the reason proffered by the employer at the time of summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 n.19 (11th Cir. 2000) (*en banc*). Inconsistent reasons proffered by an employer can be evidence of pretext. *See Bechtel Construction Co. v. Secretary of Labor*, 50 F.3d 916 (11th Cir. 1995). This is especially true when the reason stated to an administrative agency reviewing charges of discrimination differs from that provided to a district court at the summary judgment stage. *See id.*; *see also EEOC v. Sears Roebuck & Co.*, 243 F.3d 846 (4th Cir. 2001). Additional, but undisclosed, reasons for a termination decision, however, do <u>not</u> necessarily prove pretext. *See Tidwell v. Carter Products*, 135 F.3d 1422, 1428 (11th Cir. 1998). Something more must be shown besides the mere fact that an employer had additional reasons to terminate an employee that were not previously revealed.

This case presents the prime example of an additional, but undisclosed,

---

[15]Doc. no. 10, Exhibit K.

legitimate reason for an employment decision that is entirely consistent with the stated reason for termination. There is no dispute that plaintiff's second-shift line-lead position was eliminated, and that reason was so stated in the Separation Notice. It simply wasn't the complete reason.[16] Plaintiff has failed to adduce evidence to show that the failure to disclose the complete reason for her termination was due to defendants' retaliation for her complaint about Harold Ashmore.

Plaintiff further fails to adequately challenge defendants' explanation for why she was not allowed to work in another position. She cannot show that her previous inappropriate behavior and poor attendance record was not the reason for her termination, but instead a pretext for retaliation. Indeed, plaintiff does not attempt to refute the many instances of inappropriate conduct cited by Williams in his deposition. Instead, plaintiff merely asserts that these examples of poor behavior either occurred before Williams was hired, or were not all included in her personnel file, or never resulted in discipline (until her ultimate termination).[17] Any employer should be able to terminate an employee who used foul language, exhibited a disrespectful attitude, and had unreliable attendance. The record is devoid of any

---

[16]Plaintiff asks the court to consider hearsay statements of co-workers who revealed to her that she was not originally told the real reason for her termination. Even if the court were willing to consider these hearsay statements, they would only show that she was not provided the real or complete reason for her termination—not that the real reason was retaliation.

[17]*See* doc. no. 12 at 13-14 (Plaintiff's Brief in Opposition).

evidence to indicate that defendants terminated plaintiff in retaliation for her complaint about co-worker Harold Ashmore. Accordingly, summary judgment is due to be granted.

## PART FOUR

### *Conclusions and Orders*

In light of the foregoing, defendants' motion for summary judgment is GRANTED. Plaintiff's claims are dismissed with prejudice, and costs are taxed against plaintiff. The clerk is directed to close this file.

DONE this 16th day of June, 2006.

_____
United States District Judge